**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

In re:                                              Case No.

ISIS MEDICAL, INC.,
                                                    Chapter 11
Debtor.
                                                    Judge Humphrey

**APPLICATION OF ISIS MEDICAL, INC., DEBTOR AND DEBTOR-
IN-POSSESSION, PURSUANT TO
FED. R. BANKR. P. 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
SHANEYFELT & ASSOCIATES, LLC AS COUNSEL FOR
THE DEBTOR AND DEBTOR-IN-POSSESSION**

The above-captioned debtor and debtor-in-possession ISIS Medical, Inc., (the **"Debtor"** or the **"Company"**) hereby submits this application (the **"Application"**) for entry of an order authorizing the employment and retention of Shaneyfelt & Associates, LLC (the **Firm")**, as its general bankruptcy counsel as of the Petition Date (as defined herein) in this chapter 11 proceeding. In support of this Application, the Debtor submits the affidavit of Paul H. Shaneyfelt, the member of the Firm, which is attached as **Exhibit A** (the "**Affidavit")** and is incorporated herein by this reference. A proposed Order granting the Application is attached hereto as **Exhibit B** and is incorporated herein by this reference.

The Debtor represents the following to the best of its knowledge, information and belief:

**JURISDICTION**

1.   This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Application is a core proceeding pursuant to 27 U.S.C. § 1 57(b)(2).

2. The statutory basis for the relied requested herein are sections 105(a), 327, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the **"Bankruptcy Code"),** Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"),** and LBR 2014-1.

## BACKGROUND

3. On December 17, 2020 (the **"Petition Date"),** the Debtor commenced this case by filing a voluntary petition under chapter 11 Subchapter V of the Bankruptcy Code. Pursuant to sections 1107(a), 1108 and 1184 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a debtor-in-possession. No examiner or statutory committee has been appointed in this case.

4. The Debtor was incorporated in Ohio on February 19, 2002 to provide medical monitoring services to cardiac patients with a principal place of business at 6848 Loop Road, Dayton, Ohio 45459.

5. The Debtor filed this chapter 11 proceeding in order to evaluate the course of action for an its ongoing medical services business and to reorganize its business to preserve the going concern value of its assets, to provide a substantive and procedural mechanism for the realization of that value, so as to maximize the value of its assets for the benefit of all parties in interest, and to implement a fair and equitable reorganization plan.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks to employ and retain the Firm as its counsel with regard to the filing and prosecution of this chapter 11 case and all related matters, effective as of the Petition Date. Accordingly, the Debtor respectfully requests entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing it to employ and retain the Firm as its general bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this chapter 11

case.

7. The Firm is well qualified to represent the Debtor. The Firm is familiar with the Debtor's business affairs and many of the potential legal issues that may arise in connection with this chapter 11 case. The Firm is very familiar with the Debtor's business, property, financial affairs and capital structure. In selecting the Firm as its general bankruptcy counsel, the Debtor considered the Firm's intimate knowledge of the Debtor's operations and finances and its expertise and experience in reorganization and bankruptcy law. In addition, Paul H. Shaneyfelt has experience in a wide range of bankruptcy cases, including Chapter 11 cases.

8. The Firm's depth of experience in business reorganizations and its familiarity with the Debtor makes the Firm uniquely qualified to deal effectively with the legal issues that may arise in the context of the Debtor's reorganization. Therefore, the Debtor believes that the Firm is well qualified to serve as its bankruptcy counsel and that retention of the Firm is in the best interests of the estate.

9. The Firm's services are necessary to enable and assist the Debtor in performing its duties as debtor and debtor-in-possession relating to the day-to-day operations of the company as well as all bankruptcy specific matters.

10. Subject to court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The hourly rates charged by the Firm are consistent with the rates charged in other bankruptcy and non-bankruptcy matters of this type and are subject to periodic adjustment to reflect economic and other conditions.

11. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the

Firm from time to time. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. These expenses include, among other things, photocopying, filing and recording fees, and express mail. The Firm will charge the Debtor for these expenses in a manner and at a rate consistent with charges made generally to its other clients. The Firm believes that it is equitable to charge these expenses to the particular client rather than increasing the hourly rates and. spreading the expenses among other clients.

12. The professionals services that the Firm will render to the Debtor include, but shall not be limited to, the following:

    a. advise the debtor with respect to its powers and duties as the debtor-in-possession in the continued management and operations of its business;

    b. attend meetings and negotiate with representatives of creditors and other parties in interest;

    c. take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the debtor, negotiations concerning all litigation in which the Debtor is involved, and objections to claims filed against the estate;

    d. prepare on behalf of the Debtor certain motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    e. promote the plan of reorganization, disclosure statement, and all related agreements and/or documents filed contemporaneously herewith or hereafter, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan, as necessary;

    f. advise the Debtor in connection with any potential sale of assets;

    g. appear before this Court, any appellate courts, and the United States Trustee and protect the interests of the Debtor's estate before such Courts and the United States Trustee;

    h. consult with the Debtor regarding tax matters; and

    1. perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

13. To the best of the Debtor's knowledge, and except as disclosed in the Affidavit, and specifically, the Firm's representation of the Debtor and Colleen Duch, Debtor's sole shareholder, in Case No. 2019 CV 05646, currently pending in the Montgomery County Common Pleas Court, styled *Jim Duch v. ISIS Medical, Inc.*, the sole shareholder of Debtor in the state court litigation, the Firm has not represented the Debtor's creditors, equity security holders, or any other parties- in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, in any matter relating to the Debtor's Chapter 11 or its estate.

14. For professional services, the Firm's fees are based upon the standard hourly rates of professionals and paraprofessionals. Presently, Paul H. Shaneyfelt hourly rate for this engagement is $300 and paraprofessionals are $125. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15. The Debtor desires to retain the Firm under the retainer arrangement set forth in the Affidavit because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtor's knowledge, the Firm does not hold or represent an interest adverse to the Debtor's estate, the Firm is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and the Firm's employment is necessary and in the best interests of the Debtor and the Debtor's estate.

16. From September 26, 2020 through December, 2020 the Firm received payments from the Debtor totaling $3,500.00 for its representation of Debtor and Colleen Duch in the State Court Litigation that were paid personally by Colleen Duch. Within 90 days of the bankruptcy filing, the Firm received $3,500.00, in the ordinary course of its representation relating to the State Court Litigation that was paid to the Firm by Colleen Duch. The Firm is not seeking payment of any additional amounts due relating to the State Court litigation, and the balance owed relating to

that representation is less than $10,000. For preparation and commencement of this chapter 11 proceeding, the Firm received a Sixteen Thousand Dollar ($16,000) retainer from the Debtor that was deposited into the Firm's trust account on December 15th and 16th plus the filing fee of $1,717. The funds were paid in the amounts of $15,000.00 and $2,717.00, respectively. The $15,000 payment was proceeds borrowed by James Duch and Colleen Duch from James' Duch's mother Patricia Ann Duch which were paid directly to the Firm by Patricia Ann Duch. The payment on December 16, 2020, in the amount of $2,717 was paid personally by Jim and Colleen Duch. The Firm has not been paid for the preparation and commencement of this Chapter 11 proceeding, and the Firm has retained Sixteen Thousand and 00/100 Dollars ($16,000.00) (following payment of the Chapter 11 filing fee) as a retainer for this bankruptcy proceeding. The Firm shall retain the remainder of this deposit to be applied to any fees, charges, and disbursements that remain unpaid as the case proceeds, subject to order of this Court.

## NOTICE

17. No examiner, or creditors' committee has been appointed in this chapter 11 case. A copy of the Application shall be served upon the following parties via telecopier, e-mail, regular United states postage pre-paid, or overnight delivery, delivery prepaid: (i) FC Bank; (ii) Office of the United States Trustee, Southern District of Ohio, 170 North High Street, Suite 200, Columbus, Ohio 43215 (Attn: Jeremy Shane Flannery, Esq.); (iii) holders of the 20 largest unsecured claims; and (iv) any applicable governmental unit listed in LBR 5003-l(d). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## WAIVER OF REQUIREMENT TO FILE MEMORANDUM OF LAW

18. The Debtor respectfully submits that the relief requested herein is neither novel nor complex and therefore respectfully requests that the requirement that the Debtor submit a separate

6

memorandum of law in support of this Application be waived.

## NO PRIOR REQUEST

19. No previous motion for the relief sought herein has been made to this or any other Court.

\VHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the fom1 simultaneously filed herewith, (i) authorizing the Debtor to employ and retain PWMA as attorneys for the Debtor in this chapter 11 proceeding; and (ii) granting such further relief as is just and proper.

Dated: December 17, 2020
      Dayton, Ohio

                                    Respectfully submitted,

                                    ISIS MEDICAL, INC.

                                    By: *Isl* Colleen Duch (original on file)
                                        Colleen Duch, Vice President
                                        and Sole Shareholder

**NOTICE OF FILING OF
APPLICATION OF THE ISIS MEDICAL, INC., DEBTOR AND
DEBTOR-IN-POSSESSION, PURSUANT TO
FED. R. BANKR. P. 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
SHANEYFELT & ASSOCIATES, LLC AS
COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

ISIS Medical, Inc., Debtor in this case, has filed papers with the Court to employ Shaneyfelt & Associates, LLC as attorneys for the bankruptcy.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.** If **you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the relief sought in the Application, then on or before twenty-one (21) days from the date listed on the following Certificate of Service, you or your attorney must file with the Court a written response explaining your position by mailing your response by ordinary U.S. Mail to U.S. Bankruptcy Court for the Southern District of Ohio, 120 West Third Street, Dayton, Ohio 45402, OR your attorney must file a response using the Court's ECF System.

The Court must receive your response on or before the above date.

You must also send a response either by 1) the Court's ECF System; or by 2) ordinary U.S. Mail to Paul H. Shaneyfelt, 315 Public Square, Suite 204, Troy, Ohio 45373.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without further hearing or notice.

## CERTIFICATE OF SERVICE

      The undersigned hereby services that on December 17, 2020, a true and accurate copy of the Application of ISIS Medical, Inc., Debtor and Debtor-in-Possession, Pursuant to Fed. R. Bankr. P. 2014(a) for Entry of an Order Authorizing the Employment and Retention of Shaneyfelt & Associates, LLC as Counsel for the Debtor and Debtor-in-Possession was served (i) electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by ordinary U.S. Mail addressed to the following:

U.S. Attorney
Office of the United States Trustee
Attn: Jeremy Shane Flannery, Esq.
170 North High Street
Suite 200
Columbus, OH 43215

And on the following creditors by ordinary U.S. mail, addressed as so indicated:

American Express Company
PO Box 650448
Dallas, TX 75265

Bryn Mawr Funding
13 Wilkins Avenue
Haddonfield, NJ 08033

Capital One
PO Box 6492
Carol Stream, IL 60197

Cardiologs Technologies Inc.
185 Alewife Brook Parkway, Suite 210
Cambridge, MA 02138

Cloud Computing Concept
110 E. Atlantic Ave., Suite 420
Delray Beach, FL 33444

Crestmark Equipment Finance
5480 Corporate Drive, Suite 350
Troy, MI 48098

Datrix, LLC
340 State Place
Escondido, CA 92029
.

DeLage Landen Financial Services, Inc
50 West Broad Street. Suite 1330
Columbus, OH 43215

Dedicated Funding, LLC
860 E. 4500 South, Suite 312
Salt Lake City, UT 84107

Duch Properties, LLC
7843 Deep Woods Court
Springboro, OH 45066

Equipment Leasing Group of America, LLC
211 Waukegan Road, Suite 100
Northfield, IL 60093

FC Bank
c/o Jenny Sander, President
6600 North High St
Columbus, OH 43085

Financial Pacific Leasing. Inc.
3455 S. 344th Way, Suite 300
Federal Way, WA 98001

Pawnee Leasing
3801 Automation Way, Suite 207
Fort Collins, CO 80525

RMX Monitoring, LLC
5000 Atrium Way
Mount Laurel, NJ 08054

Ray Stenger
4471 Turtledove Way
Miamisburg, OH 45342

Stearns Bank
500 13th Street, Box 750
Albany, MN 56307

TZ Medical, Inc.
17750 SW Upper Boons Ferry Rd., Ste. 150
Portland, OR 97224

Targeted Lease Capital
5500 Main Street, Suite 300
Williamsville, NY 14221

US Bank Equipment Finance
1310 Madrid Street
Marshall, MN 56258

<u>*Isl* Paul H. Shaneyfelt</u>
Paul H. Shaneyfelt (0065629)
315 Public Square
Suite 204
Troy, Ohio 45373
Telephone: (937) 216-7727
Facsimile: (937) 552-9954
E-mail: paulshaneyfeltlaw@gmail.com

*Proposed   Attorneys for Debtor and Debtor-in-Possession*